STATE OF MICHIGAN
IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

EDWARD ROSS,

    Plaintiff,

v.                                                             Case No:
                                                             HON.

CITY OF TROY;

PETER HULLINGER, Individually and in
his Official Capacity as the Troy Fire Department
Fire Chief;

MARK MILLER, Individually and in his Official
Capacity as the former Troy City Manager;

ROBERT BRUNER, Individually and in his Official
Capacity as the former Assistant City Manager and
Acting City Manager,

    Defendants.

_____

THE CORTESE LAW FIRM, PLC
Nanette L. Cortese (P43049)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 593-6933/fax (248) 593-7933
ncortese@thecorteselawfirm.com
_____

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff Edward Ross by and through his attorneys and hereby states as follows:

### I. JURISDICTIONAL AVERMENTS

1. Plaintiff Edward Ross is a resident of the City of Troy, Michigan.

2. Upon information and belief, Defendant Peter Hullinger is a resident of the County of Oakland, State of Michigan and is being sued in his individual and official capacities.

1

3. Upon information and belief, Defendant Mark Miller is a resident of the County of Oakland, State of Michigan and is being sued in his individual and official capacities.

4. Upon information and belief, Defendant Robert Bruner is a resident of the County of Oakland, State of Michigan and is being sued in his individual and official capacities.

5. Defendant City of Troy is a governmental entity duly authorized to do business in the City of Troy, State of Michigan.

6. The events giving rise to this Cause of Action occurred in Oakland County, Michigan.

7. Plaintiff brings this action for damages arising out of 42 U.S.C. §1983 for violation of Plaintiff's First and Fourteenth Amendment rights which confers Federal question jurisdiction under 42 U.S.C. Sec. 1331.

## II. FACTUAL ALLEGATIONS

8. Plaintiff Edward Ross is a resident of the City of Troy and has served as a Firefighter in the City of Troy from March 19, 2019 until May 1, 2024.

9. In January of 2023 the City of Troy announced to the Fire Department that they were closing down a prior retirement plan for firefighters. It was announced that the plan would be closed down within 90 days at the April 17, 2023 Troy City Council meeting.

10. Edward Ross started a slack channel for all Troy firefighters and retired firefighters.

11. Edward Ross spoke out regarding the abolishing of the old retirement plan and the instituting of a new plan via social media including on NextDoor and Facebook.

12. Edward Ross spoke at the April 17, 2023 Troy City Council meeting. The substance of Edward Ross' comments at the April 17, 2023 City Council meeting, regarding the abolishment of the old retirement plan and the instituting of a new one, consisted of comments criticizing the adoption of the new plan, including stating that the new plan would provide a fraction of the benefit of the old one. Edward Ross' comments also compared the retirement plan for the

Troy Fire Department to other cities plans and emphasized that (some) other Cities of comparable or less size provided better benefits to their firefighters. Edward Ross also stated that the new plan would create a retention problem for firefighters. Edward Ross emphasized that although the firefighters were "volunteers" they were on call over 5,200 hours a year and that they risked their lives. Edward Ross claimed that it was a lie that the new plan had been approved by the firefighters since it was not negotiated or approved .

13. Edward Ross accused the City Council of politicizing public safety and lacking the political courage to do the right thing. Edward Ross also stated that the City Council was afraid that someone was going to come along and run against them for City Council on a pro public safety message.

14. Edward Ross filed to run for Troy City Council in July 2023 and ran in the November 2023 election.

15. In the October 12, 2023 *Troy Times,* Edward Ross, in his campaign for City Council, was quoted as saying that his top goal if elected was to prioritize community safety. Edward Ross called out a shortage of police officers and stated, "We no longer have even a single dedicated ambulance to service our city. The city council's recent changes to the volunteer firefighters' incentive system have put our residents' safety at risk. We need to give our police pensions and address our shortage in dispatchers."

16. Edward Ross was out on a medical leave/leave of absence during his initial campaign for City Council in the November 2023 election.

17. Edward Ross was not one of the top vote getters in the November 2023 election and so was not elected to the Troy City Council.

18. On February 9, 2023 Edward Ross was quoted in an article in the Troy Times again critiquing the new retirement plan stating that previously a firefighter could earn about $850 per year in

retirement plus more money for every additional year beyond 10 years that was worked and would get that amount every year in retirement. Edward Ross stated that the old plan incentivized people to stay on longer in the department.

19. The February 9, 2023 article quoted Fire Chief Peter Hullinger as stating that he did not think that the changes would impede the Department's ability to operate.

20. Also, in the February 9, 2023 article Edward Ross stated, "This new (proposed) plan is so different from the old plan it's ridiculous."

21. In early 2023 Plaintiff Edward Ross posted on the City of Troy mayor's Facebook page, "I'd hate to see you coming up with a replacement plan that is magnitudes worse than what you have and gutting your fire department."

22. On January 18, 2023, Edward Ross was interviewed on The Guy Gordon Show. Edward stated that the firefighters will continue to do their job, but "will you have 100 firefighters next year or 30? Everyone has to make their own decisions."

23. "Edward Ross filed to run as a candidate for the Troy City Council on April 16, 2024 for an election to fill a vacancy.

24. On May 1, 2024 Edward Ross was informed by Peter Hullinger, Fire Chief for City of Troy, that his employment was being terminated as of May 1, 2024. This termination was in violation of Michigan Compiled Law §15.401 which protects the rights of a public employee running for election for a public office.

25. Edward Ross has heard from several members of the Fire Department that Chief Peter Hullinger was angry at him for the statements that he had made regarding the new retirement plan, statements that he made during his first campaign for City Council, and statements that he had made during his second, ongoing, campaign for City Council and that Chief Peter Hullinger was looking to terminate Eward Ross from the Troy Fire Department.

26. In the spring of 2023 when Edward Ross was running for City Council for the first time, he was called into a meeting by Phillip Thor, District Chief Station No. 5, the head of the Station that Edward Ross was assigned to. In this meeting, Edward Ross was required by Phillip Thor to read from the Ethics Policy for City of Troy employees. This was done because Edward Ross was running for City Council. The implication was that Edward Ross was acting unethically in regard to the statements that he was making. A notation was put in Guardian Tracking, the discipline tracking system that the City of Troy uses, that the discussion had taken place.

27. The City of Troy and Defendant Peter Hullinger had been placed on notice that a termination of Edward Ross would be in violation of State of Michigan law, specifically MCL §15.403(c), which provides that an employee of a political subdivision of the State of Michigan may become a candidate for a city office but may be required to request and take a leave of absence without pay.

28. Despite being on notice that terminating Edward Ross from his position at the City of Troy Fire Department would be in violation of his rights under Michigan state law, and his rights under the First Amendment to the United States Constitution, Defendants nonetheless proceeded with the termination of his employment.

29. All of the facts set forth above demonstrate the Defendants City of Troy, Peter Hullinger, Mark Miller, and Robert Bruner harbored an impermissible animus towards Plaintiff Edward Ross for his exercise of protected speech.

30. Defendant Mark Miller, who was then the City Manager for the City of Troy, created a new Rule after Edward Ross lost the election for City Council in November 2023. Troy Fire Department Policy 1003.4.2 Political Activity prohibits a public employee from filing or applying as a candidate to hold an elective City of Troy municipal office. This Policy was

5

promulgated specifically to attempt to prevent Edward Ross from campaigning for City Council for a second time and being able to use his candidacy as a forum to make statements on matters of public interest including the retirement plan for the Fire Department.

31. Upon information and belief, the decisionmakers in deciding to terminate Edward Ross from his position with the Troy Fire Department were Peter Hullinger, Mark Miller, and Robert Bruner.

## COUNT I – VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION UNDER 42 U.S.C. §1983

32. Plaintiff reincorporates and realleges the above paragraphs as though fully stated herein.

33. The First Amendment to the United States Constitution protects a public employee's right to speak on matters of public concern and protects a public employee's right to political expression during his or her campaign.

34. As a member of the Troy Fire Department, Edward Ross spoke out about matters of public concern including regarding the Troy Fire Department both before and during his two campaigns for City Council.

35. As more fully set forth above Edward Ross commented on matters of public concern which could be viewed as critical of the City of Troy and as critical of the Fire Department under Chief Hullinger.

36. The actions taken by Defendants City of Troy, Peter Hullinger, Mark Miller, and Robert Brunerwould likely chill a person, including members of the Troy Fire Department, of ordinary firmness from exercising their rights under the First Amendment.

37. Plaintiff engaged in protected activity under the First Amendment to the United States Constitution in making comments on matters of public concern both prior to and during his campaigns for City Council.

38. All of the facts set forth above make it more plausible than not that the Defendants City of Troy, Peter Hullinger, Mark Miller, and Robert Bruner (in their personal and/or official capacity which may be further developed through discovery) retaliated against Edward Ross for exercising his rights under the First Amendment to the United States Constitution by ultimately terminating him from his position with the City of Troy Fire Department.

39. Defendants are not entitled to governmental immunity under State law since the allegations against them involve violations of the United States Constitution.

40. Defendants are not entitled to immunity under Federal law since the right to be free from retaliation for exercising rights under the First Amendment is a clearly established right.

41. Edward Ross' rights under the First Amendment have been made applicable to governmental units such as the City of Troy under 42 U.S.C. §1983.

42. Edward Ross was subject to retaliation including, but not necessarily limited to, the actions taken against him as more fully set forth above in violation of his rights under the First Amendment and/or Fourteenth Amendment based upon a policy, custom or practice by the City of Troy, as promulgated or adhered to by the individual Defendants in their capacities as high level decisionmakers for the City of Troy, to retaliate against Edward Ross for his exercise of his rights under the First Amendment under the United States Constitution.

43. As a result of Defendants' actions more fully set forth above Plaintiff has sustained damages, including, but not necessarily limited to, economic damages, non-economic damages, including damage to their reputations, emotional distress, mental distress, pain and suffering, as well as being entitled to exemplary and/or punitive damages.

WHEREFORE Plaintiff Edward Ross respectfully requests this Honorable Court award him all damages allowed under the law, including, but not necessarily limited to, damages for economic

losses, non-economic losses, exemplary damages, punitive damages, as well as costs, interests, and attorney's fees.

Respectfully submitted,
THE CORTESE LAW FIRM, PLC

/s/Nanette L. Cortese
Nanette L. Cortese (P-43049)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 593-6933/fax (248) 593-7933
ncortese@thecorteselawfirm.com

Dated: July 9, 2024

STATE OF MICHIGAN
IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

EDWARD ROSS,

       Plaintiff,

v.                                                                               Case No:
                                                                                 HON.
CITY OF TROY;

PETER HULLINGER, Individually and in
his Official Capacity as the Troy Fire Department
Fire Chief;

MARK MILLER, Individually and in his Official
Capacity as the former Troy City Manager;

ROBERT BRUNER, Individually and in his Official
Capacity as the former Assistant City Manager and
Acting City Manager,

       Defendants.

---

THE CORTESE LAW FIRM, PLC
Nanette L. Cortese (P43049)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 593-6933/fax (248) 593-7933
ncortese@thecorteselawfirm.com

---

## JURY DEMAND

NOW COMES Plaintiff Edward Ross, by and through his attorneys, The Cortese Law Firm, PLC, and hereby respectfully demands a trial by jury on all issues allowed by law.

                                                            Respectfully submitted,
                                                            THE CORTESE LAW FIRM, PLC

/s/Nanette L. Cortese
Nanette L. Cortese (P-43049)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 593-6933/fax (248) 593-7933
ncortese@thecorteselawfirm.com

Dated: July 3, 2024